UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 11, 2017

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| QUIROZ, JUVENTINO GAYTON, | ) | Case No. 15-10292-R |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| JUVENTINO GAYTON QUIROZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 16-1027-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| ex rel. INTERNAL REVENUE | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the United States' Motion for Summary Judgment (Adv. Doc. 16) ("Motion") and its brief in support thereof (Adv. Doc. 17), filed by the Defendant United States of America, ex rel. Internal Revenue Service (the "IRS") on May 19, 2017; Plaintiffs' [sic] Response Brief to Defendant's Motion for Summary Judgment (Adv. Doc. 20) ("Response Brief") filed on June 5, 2017; and the Reply Brief in Support of United States' Motion for Summary Judgment (Adv. Doc. 21), filed by the IRS on June 19, 2017.

**Jurisdiction**

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a) and (b)(2)(I), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**Background**

Plaintiff Juventino Gayton Quiroz ("Gayton")[1] filed this adversary proceeding in order to obtain a declaration that federal income taxes owed for tax years 2005, 2006, 2007, 2009, and 2011 were discharged under 11 U.S.C. § 523(a)(1)(A)[2] when Gayton received his general discharge in Bankruptcy Case No. 15-10292. The IRS seeks judgment in its favor as a matter of law on the ground that undisputed material facts establish that Gayton willfully evaded paying his tax liabilities, which conduct excepted the tax liabilities from discharge under § 523(a)(1)(C).

After the IRS answered the complaint, Gayton stipulated that his 2007 tax liability is non-dischargeable under § 523(a)(1)(B), and that his 2011 tax liability is non-dischargeable under §§ 523(a)(1)(A) and 507(a)(8). Whether the 2005, 2006 and 2009 tax liabilities are excepted from discharge under § 523(a)(1)(C) remains at issue.

**Summary judgment standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and is "entitled to judgment as a matter of law."[3] A fact is "'material' if under the substantive law it is essential to the proper disposition of the

---

[1] In the bankruptcy case and in this adversary proceeding, the parties refer to the Plaintiff as "Gayton" and the Court will do the same, even though everyone agrees that Plaintiff's name is really "Gaytan."

[2] Unless otherwise stated, all text references to "§" herein relate to sections of the Bankruptcy Code, title 11 of the United States Code.

[3] Fed. R. Civ. P. 56(a), made applicable to this proceeding by Bankruptcy Rule 7056.

claim."[4] An issue is "'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[5]

"[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[6] Reasonable inferences that may be made from the record should be drawn in favor of the non-moving party.[7]

**Analysis**

Section 523(a)(1)(C) excepts from discharge any tax debt "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax."[8] The IRS has the burden of proving that taxes are non-dischargable by a preponderance of the evidence.[9] Two elements must be established: that the debtor engaged in conduct to evade or defeat taxes (the "conduct" component) and that the debtor did so "voluntarily, consciously or knowingly, and intentionally"[10] (the mental state, or "willfulness," component).

---

[4] Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

[5] Adler, 144 F.3d at 670, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[6] Anderson, 477 U.S. at 249.

[7] See Adler, 144 F.3d at 670.

[8] 11 U.S.C. § 523(a)(1)(C).

[9] Dalton v. IRS, 77 F.3d 1297, 1302 (10th Cir. 1996).

[10] In re Vaughn, 765 F.3d 1174, 1181 (10th Cir. 2014), *quoting* Dalton, 77 F.3d at 1302.

The conduct component includes actions intended to avoid not only the assessment of taxes but also the collection thereof, examples of which may be "keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal."[11]

The willfulness component is a quintessential question of fact to be determined from the totality of the record.[12] By requiring proof that a debtor subjectively intended to evade or defeat a tax debt, § 523(a)(1)(C) preserves the discharge for debtors whose non-reporting or non-payment of taxes arises from inadvertence, mistake, or confusion; only debtors who engage in knowing and deliberate tax avoidance are denied discharge of their tax debts.[13] In Kawaauhau v. Geiger,[14] the United States Supreme Court undertook to interpret the term "willful" in the context of another discharge exception. Under § 523(a)(6), debts "for willful and malicious injury by the debtor to another entity or to the property of another entity"[15] are not dischargeable. The "pivotal question" was whether § 523(a)(6) encompassed "acts, done

---

[11]Dalton, 77 F.3d at 1301, *quoting* Spies v. United States, 317 U.S. 492, 499 (1943) (wherein the Supreme Court interpreted the phrase "willfully attempts to evade or defeat any tax . . . or the payment thereof" in Internal Revenue Code § 145(b) [later codified at 26 U.S.C. § 7201] to require a "tax-evasion motive" which could be inferred from particular conduct).

[12]Id.

[13]See In re Birkenstock, 87 F.3d 947, 952 (7th Cir. 1996).

[14]523 U.S. 57 (1998).

[15]11 U.S.C. § 523(a)(6).

intentionally, that cause injury" or "only acts done with the actual intent to cause injury."[16] Noting that the word "willful" modifies the word "injury," the justices concluded that the discharge exception applied only if it is established that the debtor intended the consequences of the act, that is, intended to inflict injury.[17] Simply engaging in an act that caused an injury was not sufficient to constitute willfulness.[18]

The Tenth Circuit holds that in § 523(a)(1)(C) cases, "nonpayment, by itself, does not compel a finding that the given tax debt is nondischargeable."[19] Absent an admission of willful evasion, the Court must consider the totality of the debtor's conduct under the circumstances to determine whether an inference of an intent to evade or defeat the taxes can be made.[20]

In this case, the IRS has offered evidence that Gayton knew he owed taxes, but instead of paying them, he spent his earnings adding onto his home, leasing vehicles, giving to charity, and gambling. Gayton contends that he spent little on his home improvements because he obtained discarded materials from job sites, used discontinued materials and discounted supplies, bought appliances on Craigslist, and did not have to pay labor costs.[21] He contends he contributed money to his church because it needed to buy materials to

---

[16] Kawaauhau, 523 U.S. at 61.

[17] Id. at 61-62.

[18] Id.

[19] Dalton, 77 F.3d at 1301.

[20] Id.

[21] See Affidavit attached to Plaintiff's Response Brief, at ¶ 5.

complete a renovation, and he also volunteered his labor to help with the remodeling.[22] Gayton denies that he did "anything to intentionally not pay [his] taxes."[23]

The IRS also offers evidence that Gayton misrepresented the value of and equity in his homestead in a compromise offer he made to the IRS. Gayton contends that he did not do so intentionally, but rather misunderstood the question asked by his accountant, having a limited understanding of technical financial concepts, and that he did not read the offer in compromise itself before signing it because he has limited comprehension of written English.[24]

Although Gayton admitted 89 of the 91 material facts set forth by the IRS, he is nevertheless entitled to present evidence to rebut the inference of willfulness that the IRS draws from those undisputed material facts. The Court is required to draw reasonable inferences from the record on summary judgment in Gayton's favor.[25] Statements Gayton made under oath in the affidavit attached to his Response Brief are sufficient to create genuine issues of fact relating to the mental state component that the IRS has the burden of proving by a preponderance of the evidence. Credibility of the witnesses will play a considerable factor in determining willfulness. The Court simply cannot weigh the competing narratives on summary judgment.

---

[22] Id., ¶ 6.

[23] Id., ¶ 10.

[24] Id., ¶¶ 7, 8, 10.

[25] See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

**Conclusion**

The IRS is entitled to judgment as a matter of law with respect to Gayton's 2007 and 2011 tax liabilities, but genuine issues of material fact exist with respect to the dischargeability of his 2005, 2006, and 2009 taxes. Accordingly, the Motion is granted in part and denied in part. A partial judgment declaring the 2007 and 2011 taxes non-dischargeable will be entered contemporaneously herewith. The Court will enter a scheduling order setting the remaining claims for trial.

**SO ORDERED** this 11th day of August, 2017.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE